323 F.2d 368
 Grady S. PATTERSON, Appellant,
v.
INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND
MOVING PICTURE MACHINE OPERATORS OF the UNITED
STATES AND CANADA, LOCAL NO. 513, Appellee.
 No. 7252.
 United States Court of Appeals Tenth Circuit.
 Sept. 16, 1963.
 
 George O. Kleier, Tulsa, Okl. (Woodson & Kleier, Tulsa, Okl., were on the brief), for appellant.
 John Ward, Tulsa, Okl. (Ward & Brown, Tulsa, Okl., were on the brief), for appellee.
 Before PHILLIPS, PICKETT and BREITENSTEIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Patterson brought this action against Local No. 513 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators, seeking a judgment, adjudging that an order suspending him as a member of the Local for six months, less one day, on charges preferred against him by a member of the Local was void, ordering it expunged from the records of the Local and enjoining the Local from enforcing it.
 
 
 2
 The order of suspension was entered in October, 1961. This action was filed November 17, 1961. On December 14, 1961, Patterson filed a motion for a preliminary injunction restraining the Local from taking any action to enforce the order of suspension and from preventing Patterson from exercising all of his rights as a member of the Local. On December 19, 1961, after a hearing, the trial court entered an order denying the motion for a preliminary injunction. Patterson prosecuted no appeal from that order.
 
 
 3
 The action came on for trial on June 18, 1962, long after the order of suspension had expired and fully spent its force.
 
 
 4
 From a judgment denying Patterson relief, entered on October 11, 1962, Patterson has appealed.
 
 
 5
 The order of suspension related solely to Patterson's relationship with the Union. It in nowise affected his employment, his pay, his seniority, his working conditions, or his status as an employee. At the time of the trial below, he was enjoying all the rights and privileges of a member of the Local. There was no likelihood that any further disciplinary action would be taken in the matter which brought about his suspension.
 
 
 6
 In that posture of the case, it seems to us that the controversy was abstract or moot, rather than definite or concreae.
 
 
 7
 Accordingly, the appeal is dismissed.